# PERSONAL GUARANTY

This Personal Guaranty (the "Guaranty") is entered into as of May 26, 2022 by Grant Allen Brunner and Gregory Clifford Brunner, jointly and severally (each a "Guarantor" and collectively the "Guarantors"), as a material inducement to and in consideration of Michael Brubaker, ("Lender"), making a loan to SRE Capital, LLC (the "Borrower"), in an amount equal to $200,000.00 (the "Loan").

In connection with and to evidence the Loan, Borrower has executed a Promissory Note dated May 26, 2022 with this Guaranty (the "Note"). Guarantors are individual members and managers of Borrower and, as such, they will benefit from the Loan to Borrower. Lender is making the Loan in consideration for the covenants contained herein.

1. Unconditional Guaranty. Guarantors jointly and severally unconditionally guarantee to Lender and its successors and assigns the full and punctual payment, when due, and at all times thereafter, of any scheduled payments of principal and interest under the Note.

2. Default by Borrower. If Borrower shall at any time default in the performance or observance of any of the terms, covenants or conditions of the Note, Guarantors will keep, perform and observe same, as the case may be, in the place and stead of Borrower.

3. Performance. The obligations of Guarantors hereunder shall not be released by Lender's receipt, application or release of any security given for the performance and observance of any covenant or condition of the Note to be performed or observed by Borrower, nor by any modification of the Note regardless of whether Guarantors or either of them consent thereto or receive notice thereof.

4. Effect of Credit Matters. The liability of each Guarantor hereunder shall in no way be affected by (a) the release or discharge of Borrower in any creditor's receivership, bankruptcy or other proceeding; (b) the impairment, limitation or modification of the liability of Borrower or the estate of Borrower in bankruptcy, or of any remedy for the enforcement of Borrower's liability under the Note Agreement resulting from the operation of any present or future provision of the federal bankruptcy act or

**EXHIBIT 2**

other statute or from the decision in any court; (c) the rejection or disaffirmance of the Note in any such proceedings; (d) the assignment or transfer of the Note; (e) any disability or other defense of Borrower (other than the defense that any applicable default has already been cured); (f) the cessation from any cause whatsoever of the liability of Borrower (other than payment in full of the Note); (g) the exercise by Lender of any of its rights or remedies reserved under the Note or by law; (h) any termination of the Note without the payment of the Note in full; or (i) any release or discharge of the other Guarantor.

5. Ancillary Litigation. Guarantors further agree that one or both of them may be joined in any action against Borrower in connection with the obligations of Borrower under the Note and recovery may be had against either or both Guarantors in any such action. Lender may proceed against or sue a Guarantor hereunder without proceeding against or suing the other Guarantor. Lender may enforce the obligations of Guarantors or either of them hereunder without first taking any action whatsoever against Borrower or its successors and assigns or the other Guarantor, or pursue any other remedy or apply any security it may hold, and Guarantors hereby waive all right to assert or plead any statute of limitation as relating to the Note, the obligations of Guarantors hereunder and any and all

Page 1 of 3  surety or other defenses in the nature thereof including, without limitation, the provisions of any applicable State of Colorado or federal law.

6. No Subordination. Until all the covenants and conditions in the Note and the Security Agreement on Borrower's part to be performed and observed are fully performed and observed and all payments are made under the Note, Guarantors (a) shall have no right of subrogation against Borrower by reason of any payments or performance by a Guarantor hereunder; and (b) subordinate any liability or indebtedness of Borrower now or hereafter held by a Guarantor to the obligations of Borrower to Lender under the Note.

7. Application of Guaranty. This Guaranty shall apply to the Note and any extension, renewal, modification or amendment thereof, regardless of whether Guarantors or either of them consent thereto or receive notice thereof. At any time and from time to time Guarantors shall execute and deliver such further instruments and take such further action as may reasonably be requested by the Lender to effect the

purposes of this Guaranty.

8. **Guarantors as Borrowers.** In the event this Guaranty shall be held ineffective or unenforceable by any court of competent jurisdiction or in the event of any limitation of a Guarantor's liability hereunder other than as expressly provided herein, then each Guarantor shall be deemed to be a Borrower under the Note with the same force and effect as if each Guarantor were expressly named as a joint and several Borrower with respect to the obligations of Borrower hereby guaranteed.

9. **Litigation Costs.** In the event of any litigation between a Guarantor and Lender with respect to the subject matter hereof, the prevailing party in such litigation shall be paid all of its fees, costs and expenses, including, without limitation, all reasonable attorney fees and costs, as determined by the court, which shall also determine the prevailing party.

10. **No Waiver by Lender.** No delay on the part of Lender in exercising any right hereunder or under the Note shall operate as a waiver of such right or of any other right of Lender under the Note or hereunder, nor shall any delay, omission or waiver on any occasion be deemed a bar to a waiver of the same or any other right on any future occasion.

11. **Default by Guarantor.** Any default by a Guarantor in the performance or observance of any covenant or condition hereof shall be deemed a default or event of default under the Note, entitling Lender (upon the expiration of any grace period provided for in the Note) to exercise all or any remedies available to Lender under the terms of the Note, and any default or event of default under the Note shall be deemed a default hereunder, entitling Lender to exercise all or any remedies available to Lender under the terms hereof. Failure by Lender to exercise any right which it may have hereunder shall not be deemed a waiver thereof unless so agreed in writing by Lender, and the waiver by Lender of any default by a Guarantor hereunder shall not constitute a continuing waiver or a waiver of any other default or of the same default on any future occasion.

12. **Entire Agreement.** This instrument constitutes the entire agreement between Lender and Guarantors with respect to the subject matter hereof, superseding all prior oral or written agreements or understandings with respect thereto, may not be changed, modified, discharged or terminated orally or in any manner other than by an agreement in writing signed by one or both Guarantors and Lender (it being understood that if only

one Guarantor signs, the amendment shall only affect the Guarantor that signed). This Guaranty shall be construed and enforced in accordance with, and the rights of the parties shall be governed by, the laws of the State of Colorado, excluding any that direct a choice of law other than expressly chosen by the parties,

Page 2 of 3 regardless of the place of execution or the place of performance. Resolution of any disputes under this Guaranty shall only be held in the federal or state courts sitting in or for the County of Larimer, Colorado and each party expressly and irrevocably consents to the jurisdiction of said courts.

13. Notice. All notices, requests, demands and other communications under this Guaranty shall be in writing addressed as provided below and shall be deemed to have been duly given on: (i) the date of service if served personally on a party to whom notice is to be given, (ii) the third day after mailing if mailed to the party to whom notice is to be given, by first class mail, registered or certified, return receipt requested, postage prepaid, to the party at its address provided above, (iii) the next following business day if sent by Federal Express next day service or by other private courier providing overnight or next day delivery services, or (iv) the date when sent by electronically confirmed electronic mail transmission. Any party may change its address for purposes of this Guaranty by giving the other party written notice of the new address in the manner set forth above.

IN WITNESS WHEREOF, Guarantors have executed this Guaranty on May 26, 2022.

GUARANTORS :

GRANTALLEN BRUNNER,
individually

*[signature]*

GREGORY CLIFFORD BRUNNER,
individually

*[signature]*